**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

GRICE ENGINEERING, INC.,

        Plaintiff,

v.

JG INNOVATIONS, INC.,
GORDON "JACK" GRICE,

        Defendants.

Case No. 09-cv-632

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Grice Engineering, Inc. ("Grice Engineering" or "Plaintiff"), through its undersigned counsel, for its Complaint against Defendants JG Innovations, Inc. ("JG Innovations") and Gordon "Jack" Grice ("Jack Grice") (collectively "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for patent infringement, trademark infringement, false designation of origin, false advertising and unfair competition.

2.     This Court has jurisdiction over the subject matter herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Grice Engineering's claims are, in part, based on violations of the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Lanham Act, as amended, 15 U.S.C. §§ 1051-1127, *et seq*. This Court has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because it is where Grice Engineering and Defendants reside, because Grice Engineering and Defendants transact business in this district, because Defendants are subject to personal jurisdiction in this district, and Grice Engineering's only office is in this district. Furthermore, the damage to Grice Engineering and its intellectual property described herein has and continues to occur in this judicial district.

## THE PARTIES

4. Plaintiff Grice Engineering is a Delaware corporation with its principal place of business at 121 Burbank Avenue, Janesville, Wisconsin 53548. Grice Engineering was originally incorporated under the name MLPJ Acquisition Co., Inc. ("MLPJ Acquisition").

5. On information and belief, Defendant JG Innovations, is a Wisconsin corporation with its principal place of business at 1534 S. River Road, Janesville, Wisconsin 53548. On information and belief, JG Innovations was originally incorporated under the name Grice Innovations, Inc. ("Grice Innovations"). On information and belief, Jack Grice is the registered agent for JG Innovations and its sole shareholder.

6. On information and belief, Defendant, Jack Grice is a resident of Rock County, WI and resides at 1534 S River Rd, Janesville, Wisconsin 53548.

## FACTUAL ALLEGATIONS

7. Plaintiff's main business is the manufacture and installation of pipe and mechanical concealment systems (*i.e.* interior soffit systems.) Plaintiff is the world's largest manufacturer and supplier of the Soffi-Steel System; a custom fabricated and fitted concealment system used to enclose overhead fire sprinklers, HVAC systems, and utility lines.



8. Prior to 2007, the Soffi-Steel System was manufactured and sold by Innovations Engineering, Inc. ("Innovations Engineering"), a company wholly owned by Jack Grice.

9. In or around July 20, 2007, Jack Grice sold substantially all the assets of Innovations Engineering to Plaintiff (then known as MLPJ Acquisition). As part of that agreement (the "Asset Purchase Agreement"), Plaintiff acquired (1) the patent rights in the Soffi-Steel System and (2) all rights, title and interest in the GRICE ENGINEERING trademark (the "GRICE ENGINEERING" mark). More particularly, the Asset Purchase Agreement provides for the sale and assignment of the GRICE ENGINEERING mark and prohibits Jack Grice and Innovations Engineering from operating a business under any name including the term "GRICE"

or "ENGINEERING" or any similar term.  A copy of the Purchase Agreement is attached hereto as Exhibit A.

### *The Grice Engineering Mark*

10.     Since at least 1994, the GRICE ENGINEERING mark has been used in connection with the manufacture, sale and installation of pipe and mechanical concealment systems.

11.     Plaintiff has expended considerable time and resources promoting its GRICE ENGINEERING mark throughout the United States.  The company promotes and advertises its mark through Internet and print advertisements, its website located at http://www.soffisteel.com, by attending trade shows, and through other promotional materials.

12.     By virtue of the exclusive and continuous use of the GRICE ENGINEERING mark in connection with the manufacture, sale and installation of pipe and mechanical concealment systems, the GRICE ENGINEERING mark is distinctive and has come to be strongly associated by the public with Plaintiff's business.

### *Defendants' Infringement of the Grice Engineering Mark and Scheme to Mislead Plaintiff's Customers*

13.     From July 2007 to May 2009, Jack Grice was employed by Plaintiff.  Through his employment, Jack Grice had access to confidential information regarding Plaintiff's operations, finances, actual and potential customers, and other information.  On May 17, 2009, Jack Grice informed Plaintiff that he was quitting.

14.     On or about June 2, 2009, Jack Grice founded and began operating a competing pipe concealment business under the name "Grice Innovations."  (See Exhibit B.)

15. As part of its business operations, Grice Innovations established a website at http://griceinnovationsinc.com. Through that website, Defendants advertised Grice Innovations as providing "interior soffit solutions and custom engineered fabrications."

16. Shortly after Grice Innovations was founded, Defendants began to actively solicit Plaintiff's customers. Since at least July 2009, Defendants contacted Plaintiff's customers through postcards that falsely implied Grice Innovations was an extension or new identity for Plaintiff. The postcards misleadingly stated:

> Please be advised that our identity has changed. Once known as the Grice Engineering team: Jack Grice, Allen Stowers & Jasmin Stiether have formed the new business entity *"Grice Innovations, Inc."*

(See Exhibit C attached hereto.) This implication was further strengthened by the postcard's bold statement that customers should "update [their] record to reflect our revised contact information."

17. Plaintiff has received a number of inquiries from its customers regarding Defendants' postcards, evidencing the fact that actual confusion in the marketplace has already occurred.

18. By letter dated August 7, 2009, counsel for Plaintiff requested that, among other things, Defendants cease all uses of the Grice Innovations name and relinquish the domain name www.griceinnovations.com.

19. On information and belief, in or around October 8, 2009, Grice Innovations filed an Amendment with the Wisconsin Department of Finical Institutions. Through that Amendment, Grice Innovations changed its name to "JG Innovations, Inc." (See Exhibit B attached hereto.)

20. Despite that Amendment, on information and belief, Defendants continue to use the Grice Innovations name in connection with the sale of interior soffit systems and custom engineered fabrications. For example, Defendants continue to use, market, and trade off the Grice Innovation name through national and regional trade organizations, such as APPA and the National Fire Sprinkler Association. (See Exhibits D and E attached hereto.)

21. Prior to using the Grice Innovation name, through at least the Asset Purchase Agreement, Defendants had actual knowledge that Plaintiff offers pipe and mechanical concealment systems under the GRICE ENGINEERING mark.

### *Defendants' False Advertising*

22. Recently, Plaintiff learned that Defendants created a second website at http://www.jgius.com. Through that website, Defendants advertise and offer for sale interior soffit systems and custom engineered fabrications, including photographs that purportedly depict Defendants' products. On information and belief, Defendants website is false and/or misleading. (See Exhibit F attached hereto.) On information and belief, the photographs displayed on Defendants' website actually depict Plaintiff's products and installations, including work performed by Plaintiff for the Denver Correctional Institutions. On information and belief, the products sold and deliver to customers by Defendants are of inferior quality.

### *Defendants' Infringement of United States Patent No. 5,526,617*

23. On June 18, 1996, United States Letters Patent No. 5,526,617 ("the '617 Patent") was duly and legally issue for an invention entitled "Tamperproof Conduit Concealing System." A true and correct copy of the '617 Patent is attached hereto as Exhibit G.

24.     The '617 Patent, in general, relates to tamperproof conduit concealment systems. By assignment, Grice Engineering is the sole owner of the '617 Patent and has exclusive rights to enforce the '617 Patent.

25.     On information and belief, Defendants make, use, market, offer for sale, and sell interior soffit systems covered by the '617 Patent, including, but not limited to, Defendants' Enforcer Security Soffits (the "Accused Products"). (<u>See</u> Exhibits H attached hereto.)

26.     Prior to selling the Accused Products, through at least the Asset Purchase agreement, Defendants were aware and had knowledge of Plaintiff's ownership in and to the '617 Patent.

## FIRST CLAIM FOR RELIEF
## <u>INFRINGEMENT OF U.S. PATENT NO. 5,526,617</u>

27.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 26 of this Complaint.

28.     Plaintiff is the owner of all right, title and interest in and to the '617 Patent.

29.     At all relevant times, Defendants were aware and had knowledge of Plaintiff's ownership in and to the '617 Patent.

30.     On information and belief, each of the Defendants, jointly and/or individually, have infringed and continue to infringe at least one claim of the '617 Patent either directly or indirectly, literally and/or under the doctrine of equivalents. Each of the Defendants' infringing activity includes, at least, the manufacture, use and/or sale of the Accused Products. Further, Defendants are inducing and/or contributing to the infringement of the '617 Patent by their installation of the Accused Products.

31.     On information and belief, each of the Defendants have infringed and continue to infringe one or more claims of the '617 Patent in violation of 35 U.S.C. § 271.

32. Each of the Defendants' infringement of the '617 Patent has caused and continues to cause damage to Plaintiff in an amount to be determined at trial.

33. Each of the Defendants' infringement, as alleged herein, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

34. On information and belief, each of the Defendants' infringement of the '617 Patent is willful and deliberate, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284 and to an award of attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

35. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 34 of this Complaint.

36. Plaintiff owns the exclusive right to use the GRICE ENGINEERING mark in connection with the manufacture, sale and installation of pipe and mechanical concealment systems, with such rights dating back to as early as 1994.

37. As a result of Plaintiff's extensive use and promotion of the GRICE ENGINEERING mark, the GRICE ENGINEERING mark enjoys substantial recognition and goodwill, and secondary meaning has become associated with Plaintiff and its goods and services.

38. On information and belief, Defendant had actual knowledge and constructive notice of Plaintiff's ownership of the GRICE ENGINEERING mark. Plaintiff has not consented to Defendants' use of the "Grice Innovations" name in connection with the manufacture, sale and installation of pipe and mechanical concealment systems.

39. Defendants' unauthorized use of the "Grice Innovations" name in connection with the manufacture, sale and installation of interior soffit systems, falsely indicates to consumers that Defendants' goods and services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Plaintiff.

40. Defendants' unauthorized use of the "Grice Innovations" name in connection with the manufacture, sale and installation of interior soffit systems, has and is likely to cause consumers to be confused as to the source, nature, and quality of the goods and services that Defendants are offering.

41. By reason of the foregoing, Defendants have infringed and are continuing to infringe on Plaintiff's common law rights in and to the GRICE ENGINEERING mark.

42. Defendants conduct has caused Plaintiff to suffer and, unless enjoined by the Court, will cause Plaintiff to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Plaintiff would have made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful conduct.

43. Defendants' unlawful conduct has been and continues to be willful, as Defendants have reason to know of Plaintiff's rights.

44. Plaintiff has been and will continue to be irreparably harmed by Defendants' aforementioned acts of trademark infringement and, unless enjoined by the Court, Defendants' wrongful acts will continue. There is no adequate remedy at law for the harm caused by the acts of infringement and unfair competition alleged herein.

**THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

45. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 44 of this Complaint.

46. Plaintiff owns the exclusive right to use the GRICE ENGINEERING mark in connection with the manufacture, sale and installation of pipe and mechanical concealment systems, with such rights dating back to as early as 1994.

47. As a result of Plaintiff's extensive use and promotion of the GRICE ENGINEERING mark, the GRICE ENGINEERING mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce that has become associated with Plaintiff and its goods and services.

48. Defendants' unauthorized use of the "Grice Innovations" name for interior soffit systems falsely suggests that Defendants' business is connected with, sponsored by, affiliated with, or related to Plaintiff.

49. Since at least July 2009, Defendants have also contacted Plaintiff's customers through postcards that falsely implied Grice Innovations was an extension or new identity for Plaintiff.

50. Defendants' unauthorized use of the "Grice Innovations" name, as alleged herein, constitutes false designation of the origin of Defendant's goods and/or services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)).

51. On information and belief, Defendant had actual knowledge and constructive notice of Plaintiff's ownership of the GRICE ENGINEERING mark. Plaintiff has not consented to Defendants' use of the "Grice Innovations" name in connection with the manufacture, sale and installation of pipe and mechanical concealment systems.

52. The intentional nature of Defendants' aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117.

53. Plaintiff has been and will continue to be irreparably harmed by Defendants' aforementioned acts of trademark infringement and unfair competition, and, unless enjoined by the Court, Defendants' wrongful acts will continue. There is no adequate remedy at law for the harm caused by the acts of infringement and unfair competition alleged herein

## FOURTH CLAIM FOR RELIEF
## FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125(A))

54. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 53 of this Complaint.

55. Defendants have made false and misleading statements on their website by representing Plaintiff's products as their own.

56. On information and belief, the photographs displayed on Defendants' website actually depict Plaintiff's products and installations, including worked performed by Plaintiffs for the Denver Correctional Institutions.

57. On information and belief, the products sold and deliver to customers by Defendants are of inferior quality.

58. Defendants' representations are literally and impliedly false and/or likely to deceive customers about the true nature, characteristics, and qualities of its interior soffit systems and custom fabrications.

59. Defendants' false and/or misleading statements have already, and will continue, to influence purchasing decisions to the extent that customers choose their interior soffit systems instead of Plaintiff's products.

60. Defendants' interior soffit systems are offered, advertised, and sold to customers throughout the country; therefore, Defendant's false and/or misleading statements affect interstate commerce.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has and will continue to incur actual damages, entitling Plaintiff to an injunction, corrective advertising, treble its damages, Defendants' profits derived from its unlawful acts, and increased pursuant to the principles of equity pursuant to the provisions of 15 U.S.C. §§ 1116 and 1117.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF DECEPTIVE TRADE PRACTICES ACT, WIS. STAT. § 101.18

62. Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 61 of this Complaint.

63. Defendants have unfairly competed with Plaintiff by engaging in deceptive trade practices, including passing off Plaintiff's goods as Defendants' goods, and creating confusion and misunderstanding as to the source, quality and affiliation of Defendants' products.

64. Defendants have made a series of false, deceptive and misleading statements to consumers about its interior soffit systems and custom fabrications.

65. In making such false and misleading representations, Defendants purposely intended to induce consumers to act in reliance on the deception by altering their purchasing decisions.

66. Defendants' false and misleading statements have already, and will continue, to influence purchasing decisions to the extent that customers choose their interior soffit systems instead of Plaintiff's products.

67. Defendants have willfully engaged in the deceptive trade practices complained of herein.

68.     Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts, and unless enjoined by this Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.  This harm constitutes an injury for which there is no adequate remedy at law.

69.     Plaintiff has been damaged by the acts of Defendants complained of herein, and is entitled to damages for the injury it had suffered.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Grice Engineering prays for the following relief

A.     Enter judgment that Defendants have jointly and individually infringed at least one claim of the '617 Patent;

B.     Enter judgment that infringement of the '617 Patent by Defendants constitutes willful and deliberate infringement thereof;

C.     Temporarily, preliminarily and permanently enjoin Defendants, and its officers, agents, servants, employees subsidiaries, and those persons acting in active concert or participation with Defendants, including related individuals and entities, customers, representatives, manufacturers, dealers, and distributors from infringing the '617 Patent;

D.     Award Grice Engineering damages adequate to compensate it for Defendants' infringement of the '617 Patent, trebled pursuant to 35 U.S.C. § 284, together with interest;

E.     Entry of judgment requiring that Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the terms 'Grice" or "Grice Innovations" as part of a

trademark, or any other name, mark and/or domain name; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Grice Engineering, as to the source of the goods or services offered, distributed or marketed by Defendants, or as to whether there is a connection between Defendants and Grice Engineering;

      F.     Enter judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver for destruction, or to show proof of said destruction or sufficient modification to eliminate, all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody, or under the control of Defendants, including their respective subsidiaries, agents, and distributors, bearing the terms "Grice" or "Grice Innovations";

      G.     Enter judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing the term "Grice" or "Grice Innovations", including, without limitation, any text and/or images that are hosted on any internet website under Defendants' control or otherwise with Defendants' authorization or on any of Defendant's computers or hard drives or other storage media;

      H.     Enter judgment that, pursuant to 15 U.S.C. § 1117(a) and (b), Grice Engineering be awarded its reasonable attorneys' fees from Defendants, together with three (3) times the amount of whichever is greater: (a) Defendants' profits from their use of "Grice Innovations" in connection with interior soffit systems, or (b) Grice Engineering's actual damages resulting from use of "Innovations" Grice Engineering" in connection with interior soffit systems;

      I.     A judgment that Defendants have engaged in false adverting, promotion and descriptions under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), awarding Grice

Engineering treble its damages, Defendants' profits derived from its unlawful acts, and increased pursuant to the principles of equity, corrective advertising, and Grice Engineering's costs of suit and reasonable attorneys' fees;

J. Enter judgment in connection with the asserted common law claims and/or otherwise permitted by law, including, without limitation, an award of punitive damages in favor of Grice Engineering in an amount to be determined; and

K. A judgment granting Grice Engineering such other and further relief as this Court deems just and proper.

Dated: October 15, 2009

GRICE ENGINEERING, INC.,

By: /s/ Adam L. Marchuk
One of Their Attorneys

Adam L. Marchuk
Joseph C. Wylie II
Michael R. Osterhoff
K&L GATES LLP
70 W. Madison Street, Ste. 3100
Chicago, Illinois 60602
Telephone: 312.372.1121
Facsimile: 312.827-8000
adam.marchuk@klgates.com
joseph.wylie@klgates.com
michael.osterhoff@klgates.com